UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUSAN BARTLETT as Administratrix of the Estate
of DONALD S. IVY, JR, and SUSAN BARTLETT           15 CV 1073 (DJS)
as m/n/g of I.S.I., individually,

                          Plaintiffs,

                                                              **AMENDED COMPLAINT**

        -against-

THE CITY OF ALBANY, OFFICER MICHAEL
MAHANY, OFFICER JOSHUA SEARS,                      **JURY TRIAL**
OFFICER CHARLES SKINKLE, in their individual       **DEMANDED**
and official capacities,

                          Defendants.
------------------------------------------------------------------------X

      Plaintiffs, by their attorneys, HACH & ROSE, L.L.P. and HARFENIST KRAUT & PERLSTEIN, L.L.P., complaining of the defendants, respectfully allege, upon information and belief, as follows:

### INTRODUCTION

      1.    This action seeks redress for the death of Donald Ivy, Jr., who died in the custody of the City of Albany Police Department, after being wrongfully subjected to the use of excessive force, including the use of a taser gun, by the individual defendants who are all police officers employed by the City of Albany Police Department. As Mr. Ivy was both detained in violation of his rights under the fourth amendment to the United States Constitution, the New York Constitution and New York common law and subjected to excessive force in violation of his rights under the fourth and eighth amendment to the United States Constitution as well as New York law, the plaintiff brings claims against the individual defendants pursuant to 42 U.S.C. § 1983 and New York law for money damages against the captioned defendants,

1

individually and collectively, for committing acts under color of law that deprived plaintiffs of Mr. Ivy, who was wrongfully killed by the acts of the defendants. In addition, the plaintiff brings a claim against the City of Albany pursuant to 42 U.S.C. §1983 for failing to train and supervise the individual officers.

2.     Put simply, the defendants, THE CITY OF ALBANY, OFFICER MICHAEL MAHANY, OFFICER JOSHUA SEARS, and OFFICER CHARLES SKINKLE, in their individual and official capacities, assaulted, negligently assaulted, battered, used excessive and unnecessary force, and negligently, intentionally, and without cause falsely attacked and tasered the now deceased DONALD S. IVY, JR., causing his life to end and causing severe physical harm, extreme pain and suffering prior to his death, all in violation of his constitutional and civil rights.

## JURISDICTION & VENUE

3.     That at all times hereinafter mentioned, plaintiffs bring this suit for a violation of their civil rights under 42 U.S.C. §§1981 and 1983 and within the United States Constitution and the laws of the State of New York and that this Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1343(3) and (4).

4.     Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367, to hear and decide any and all claims arising under state law.

5.     The venue is laid within the United States District Court for the Northern District of New York in that the incident arose in the Northern District of New York.

6.     Plaintiffs demand a trial by jury on each and every one of the claims pled herein.

## PARTIES

7. The plaintiff decedent, DONALD S. IVY, JR., ("Donald") was an African-American male who resided at 131 Second Street, Albany, New York.

8. The plaintiff, SUSAN BARTLETT, ("Bartlett") resides 5 W Park Guilderland, Guilderland Center, New York.

9. The plaintiff, I.S.I. ("I.S.I.") is the son of Bartlett and also resides at 5 W Park Guilderland, Guilderland Center, New York.

10. By order of the Honorable Stacy L. Pettit, Surrogate of Albany County, dated July 10, 2015, Bartlett was appointed Administratix of the goods, chattels, and credits of Donald.

11. As such, Bartlett has filed suit both in her capacity as Administratrix of Donald's Estate and as mother of I.S.I.

12. Defendant, THE CITY OF ALBANY, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

13. In addition to the facts alleged in the following sub paragraphs, the following officers are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or City of Albany.

14. Defendant, OFFICER MICHAEL MAHANY ("Mahany"), at all relevant times was a police officer employed by the defendant, THE CITY OF ALBANY.

15. Defendant, OFFICER JOSHUA SEARS ("Sears") at all relevant times was a police officer employed by the defendant, THE CITY OF ALBANY.

16. Defendant, OFFICER CHARLES SKINKLE ("Skinkle") at all relevant times was a police officer employed by the defendant, THE CITY OF ALBANY.

### NOTICE OF CLAIM

17. On May 29, 2015, timely Notices of Claim were filed with the City of Albany, in compliance with General Municipal Law § 50H.

18. The Notices of Claim which were filed on May 29, 2015 on behalf of the plaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., individually.

19. More than thirty (30) days have elapsed since the Notices of Claim were filed and the City of Albany has failed to pay or adjust the claims.

20. On July 20, 2015, the City of Albany conducted a municipal hearing of Bartlett pursuant to New York General Municipal Law §50-h.

21. Plaintiffs have complied with all conditions precedent for the commencement of this action.

22. This action has been commenced within one (1) year and ninety (90) days after the happening of the events, upon which the State Law claims arise.

23. The defendant, City of Albany, its agents, servants and/or employees operated, maintained, and controlled a police force known as the Albany Police Department, including all the police officers employed therein.

24. That at all times hereinafter mentioned, defendants, Mahany, Sears and Skinkle, were employed by the Albany Police Department.

**FACTUAL ALLEGATIONS**

25. On April 2, 2015 at approximately 12:36 A.M., Donald was lawfully present at or near the intersection of Lark Street & Second Street, Albany, New York.

26. At the time, Donald was unarmed and presented no threat to anyone.

27. At all relevant times, Donald was a permanently and mentally disabled man.

28. The intersection of Lark Street & Second Street is and was approximately one block away from Donald's home, 131 Second Street, Albany, New York.

29. While being present at the intersection of Lark Street & Second Street, Donald was approached by Sears and Skinkle who were on duty police officers employed by the City of Albany.

30. At the time that Sears and Skinkle approached Donald, they did not have probable cause to believe that Donald had committed a crime.

31. At the time that Sears and Skinkle approached Donald, they did not have reasonable suspicion to believe that Donald had committed a crime.

32. At the time that Sears and Skinkle approached him, Donald had in fact not committed any crime.

33. Although they lacked any basis to stop and question Donald, Sears and Skinkle asked him to produce identification and began questioning his actions.

34. During this interaction with Donald, Sears and Skinkle asked him whether he had any open warrants or was otherwise wanted by the police.

35. After Donald told Sears and Skinkle that he did not have any open warrants and was not wanted, Sears and Skinkle told him that they would check his identification and if he was not wanted they would let him go.

36. Thereafter, Sears ran Donald's identification and learned that there were no open warrants for Donald's arrest.

37. Nonetheless, Sears and Skinkle did not allow Donald to leave and instead asked him to submit to a physical search.

38. Due to Donald's mental condition, Donald was unable to cooperate with directions during the search and he repeatedly pulled his hand down as he did not want to be touched.

39. Neither Sears, Skinkle nor Mahany recognized Donald's mental condition and they became increasingly agitated with him.

40. Due to their frustration with Donald's mental condition, Sears, Skinkle and Mahany attempted to handcuff Donald.

41. At the time that Sears, Skinkle and Mahany attempted to handcuff Donald they did not have probable cause to believe that he had committed a crime.

42. At the time that Sears, Skinkle and Mahany attempted to handcuff Donald they did not have reasonable suspicion that Donald had committed a crime.

43. At the time that Sears, Skinkle and Mahany attempted to handcuff Donald they had no basis to restrain him, other than his inability to submit to their illegal search.

44. When Donald did not submit to handcuffing, Sears tased Donald.

45. As a result of Mahany, Sears and Skinkle's belligerent acts, Donald sought to end his encounter with the police and began to run towards his home located at 131 Second Street, Albany, New York.

46. Mahany, Sears and Skinkle refused to leave Donald alone and chased after him and tased Donald at least three additional times.

47. Eventually, Mahany, Sears and Skinkle caught up to Donald and he stopped running.

48. Angered that Donald refused to cooperate with the officers, Sears tased Donald another two times after he had already stopped running.

49. Immediately thereafter, Sears, Mahany and other Albany City Police Officers gang tackled Donald.

50. After bringing Donald to the ground, Mahany and other Albany City Police Officers began to beat him on the back of the legs with modified batons which they did not have official permission to carry.

51. Meanwhile, Sears, Skinkle and other Albany City Police Officers lay on top of Donald and eventually shackled and handcuffed Donald.

52. While being taken into police custody, Donald went into cardiorespiratory arrest and died.

53. Donald's death was a direct result of the unnecessary acts of police officers Mahany, Sears and Skinkle.

54. The tasing and use of excessive and lethal force against Donald was without probable cause.

55. The aforementioned acts were performed knowingly, intentionally, and willfully.

56. The aforementioned acts were performed negligently, recklessly, and carelessly.

57. The aforementioned acts were performed without reason or provocation.

58. The aforementioned acts resulted in Donald's death.

59. The Albany County Coroner has since ruled that Donald's death was a homicide.

60. At no time during the events described above or as the events occurred did Mahany, Sears and Skinkle have probable cause or reasonable suspicion to justify detaining or searching Donald.

61. At no time during the events described above or as the events occurred did Mahany, Sears and Skinkle have probable cause for the discharge of their taser weapons or for the use of excessive and lethal force.

62. At no time during the events described above or as the events occurred did Mahany, Sears and Skinkle have probable cause for the assault, battery, and wrongful arrest.

63. The actions of Mahany, Sears and Skinkle were performed within the scope of their employment and authority for whose acts of the defendants, the City of Albany and therefore the City of Albany is liable under the doctrine of respondent superior.

64. By reason of aforementioned acts, Donald was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

**COUNT I**

**ASSAULT AND BATTERY UNDER STATE LAW AGAINST ALL DEFENDANTS**

65. The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "64" inclusive with the same force and effect as if more fully set forth at length herein.

66. On April 2, 2015 at approximately 12:36 A.M. and for some time prior thereto, Donald was lawfully present at or near the intersection of Lark Street and Second Street, Albany, New York.

67. Soon after being approached by the police on April 2, 2015, Donald was tased by Mahany, Sears & Skinkle.

68. Soon after being approached by the police on April 2, 2015, Donald was subjected to unnecessary physical force which was applied by Mahany, Sears & Skinkle.

69. Soon after being approached by the police on April 2, 2015, Donald was subjected to unwanted physical touching by Mahany, Sears & Skinkle

70. At the time that Mahany, Sears & Skinkle came in contact with Donald, they were acting in their respective capacities as employees of the City of Albany police department.

71. Prior to being touched, Donald was aware and was in fear that Mahany, Sears and Skinkle intended to make physical contact with him.

72. Prior to each time that he was tased, Donald was aware and was in fear that Mahany, Sears and Skinkle intended to shoot him with tasers which would make physical contact with him.

73. The aforementioned touching by Mahany, Sears and Skinkle was performed knowingly, willfully, and intentionally.

74. When making physical contact with Donald, Mahany, Sears and Skinkle were acting within their scope of employment with the City of Albany.

75. The physical contact Mahany, Sears and Skinkle made with Donald was without privilege or justification.

76. The physical contact Mahany, Sears and Skinkle made with Donald was without probable cause.

77. By reason of said assault and battery, Donald was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

78. By reason of the foregoing, Bartlett, in her capacity as Administratrix of Donald's Estate, demands judgment for assault and battery against defendants, Mahany, Sears, Skinkle and the City of Albany.

79. By reason of the foregoing, Bartlett, in her capacity as mother and natural guardian of I.S.I. demands judgment for assault and battery against defendants, Mahany, Sears, Skinkle and the City of Albany.

## COUNT II

### WRONGFUL DEATH UNDER STATE LAW AGAINST ALL DEFENDANTS

80. The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "79" inclusive with the same force and effect as if more fully set forth at length herein.

81. On April 2, 2015, Donald died of cardiac arrest.

82. Donald's death was a direct consequence of his being repeatedly chased, tased and gang tackled by defendants, Mahany, Sears and Skinkle.

83. Donald's death was a direct consequence of his being subjected to repeated unwanted physical contact by defendants, Mahany, Sears and Skinkle.

84. Mahany, Sears and Skinkle were acting in their capacities as employees of the City of Albany when they caused Donald's death.

85. Donald was survived by his son I.S.I. who was deprived of the financial support, companionship and guidance of his father.

86. Furthermore, by virtue of the wrongful death, I.S.I. was deprived of his relationship and communion with the decedent and his society and comfort.

87. As a result of the above, Bartlett necessarily incurred expenses in various and diverse amounts, and funeral and other expenses in connection with the burial of Donald, and will necessarily incur expenses in the settlement of the estate of the decedent in various and diverse amounts.

88. By reason of the foregoing, Bartlett, in her capacity as Administratrix of Donald's Estate, demands judgment for wrongful death against defendants, Mahany, Sears, Skinkle and the City of Albany.

89. By reason of the foregoing, Bartlett, in her capacity as mother and natural guardian of I.S.I. demands judgment for wrongful death against defendants, Mahany, Sears, Skinkle and the City of Albany.

## COUNT III
### CONSCIOUS PAIN AND SUFFERING UNDER STATE LAW
### AGAINST ALL DEFENDANTS

90. The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "89" inclusive with the same force and effect as if more fully set forth at length herein.

91. By reason of the actions of Mahany, Sears, Skinkle and the City of Albany hereinbefore alleged, Donald was caused and continued before his death to be sick, sore, lame,

and disabled and suffered injuries in and about his head, body, and limbs, and died shortly thereafter, and during that period suffered great pain and anguish, all to his damage in an amount to be determined by the Court.

## COUNT IV

### *MONELL* CLAIM FOR NEGLIGENT HIRING, TRAINING AND RETENTION AGAINST THE CITY OF ALBANY

92. The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "91" inclusive with the same force and effect as if it more fully set forth at length herein.

93. The City of Albany was aware that its employees, including police officers employed in the Albany Police Department would encounter individuals with mental illness.

94. The City of Albany was aware that its employees, including police officers employed in the Albany Police Department would encounter individuals who were suspected of committing non-violent misdemeanor or violation level offenses.

95. The City of Albany was aware that it was issuing tasers to police officers employed in the Albany Police Department.

96. The City of Albany offered training as to how to use tasers to some, but not all of the police officers employed in the Albany Police Department

97. Officers who were not trained to personally use a taser were not offered any training by the City of Albany as to how those officers should recognize the signs that a person who was being tased was suffering medical distress.

98. Officers who were not trained to personally use a taser were not offered any training by the City of Albany as to how to deal with people who had just been tased by officers.

99. Despite issuing the police officers employed in the Albany Police Department lethal weapons which included tasers, the City of Albany failed to properly train its police officers to refrain from using tasers when interacting with individuals with mental illness who had not committed any crimes.

100. Despite issuing the police officers employed in the Albany Police Department lethal weapons which included tasers, the City of Albany failed to properly train its police officers to refrain from using tasers when interacting with individuals with mental illness who were not a threat to themselves nor others.

101. Despite issuing the police officers employed in the Albany Police Department lethal weapons which included tasers, the City of Albany failed to properly train its officers to recognize mental illness and to instruct officer when lethal force should not be used when a mentally ill citizen was not a threat to himself or others.

102. Despite issuing the police officers employed in the Albany Police Department lethal weapons which included tasers, the City of Albany failed to properly train its officers to recognize and prevent medical conditions in people who had been tased.

103. As a proximate result of the City of Albany's unconstitutional policy of failing to properly train, hire and retain officers Mahany, Sears and Skinkle, Donald was subjected to unnecessary physical force which resulted in his death.

104. By reason of the foregoing, Bartlett, in her capacity as Administratrix of Donald's Estate, demands judgment against the City of Albany.

105. By reason of the foregoing, Bartlett, in her capacity as mother and natural guardian of I.S.I. demands judgment against the City of Albany.

## COUNT V

## CIVIL RIGHTS VIOLATION 42 U.S.C. §1983 (4th AMENDMENT) AS AGAINST MAHANY, SEARS AND SKINKLE

106. The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "105" inclusive with the same force and effect as if it more fully set forth at length herein.

107. On April 2, 2015, Mahany was acting in his capacity as an Albany police officer when he came in physical contact with Donald.

108. On April 2, 2015, Sears was acting in his capacity as an Albany police officer when he came in physical contact with Donald.

109. On April 2, 2015, Skinkle was acting in his capacity as an Albany police officer when he came in physical contact with Donald.

110. On April 2, 2015, Mahany was acting under color of law when he came in physical contact with Donald.

111. On April 2, 2015, Sears was acting under color of law when he came in physical contact with Donald.

112. On April 2, 2015, Skinkle was acting under color of law when he came in physical contact with Donald.

113. On April 2, 2015, Donald did not consent to be physically touched by Mahany, Sears and Skinkle.

114. On April 2, 2015, Donald did not consent to be tased by Mahany, Sears and Skinkle.

115. On April 2, 2015, Donald did not consent to be taken into custody by Mahany, Sears and Skinkle.

116. On April 2, 2015, Mahany, Sears and Skinkle seized Donald within the meaning of the Fourth Amendment to the United States Constitution.

117. Mahany, Sears and Skinkle's seizure of Donald was without privilege under State or Federal law.

118. After seizing Donald, Mahany, Sears and Skinkle used lethal force which resulted in Donald's death.

119. The use of lethal force in aid of Donald's seizure was not justified under State or Federal Law.

120. The force used to seize Donald was excessive as he had not committed any crime.

121. The force used to seize Donald was excessive as he was neither a threat to himself nor to others.

122. The use of excessive physical force to seize Donald was an independent violation of his rights guaranteed to him by the Fourth Amendment to the United States Constitution.

123. By reason of the foregoing, Bartlett, in her capacity as Administratrix of Donald's Estate, demands judgment against defendants, Mahany, Sears and Skinkle for violating Donald's rights guaranteed to him by the Fourth Amendment to the United States Constitution.

124. By reason of the foregoing, Bartlett, in her capacity as mother and natural guardian of I.S.I. demands judgment against defendants, Mahany, Sears and Skinkle for violating Donald's rights guaranteed to him by the Fourth Amendment to the United States Constitution.

## COUNT VI

### CIVIL RIGHTS VIOLATION 42 U.S.C. §1983 (8th & 14th AMENDMENTS) AS AGAINST MAHANY, SEARS AND SKINKLE

125. The plaintiffs repeat and reallege each and every allegation set forth above numbered "1" through "124" inclusive with the same force and effect as if it more fully set forth at length herein.

126. Following the repeated tasing and after being subjected to unwarranted physical force, Donald was in need of proper medical care to treat the cardiac condition that he sustained due to Mahany, Sears and Skinkle's actions.

127. At approximately 12:36 A.M. on April 2, 2015, Donald was near death and in desperate need of hospitalization.

128. Despite Donald's medical condition which would have been obvious to properly trained police personnel, Mahany, Sears and Skinkle failed to perform CPR on Donald.

129. Despite Donald's medical condition which would have been obvious to properly trained police personnel, Mahany, Sears and Skinkle failed to utilize an available defibrillator to save Donald.

130. Despite Donald's medical condition which would have been obvious to properly trained police personnel, Mahany, Sears and Skinkle failed to summon an ambulance prior to Donald's death.

131. Mahany, Sears and Skinkle's acts and omissions in failing to care for Donald when he was unconscious violated Donald's Eighth and Fourteenth Amendment rights through a practice of deliberate indifference to Donald's medical needs.

132. By reason of the foregoing, Bartlett, in her capacity as Administratrix of Donald's Estate, demands judgment against defendants, Mahany, Sears and Skinkle for violating Donald's rights guaranteed to him by the Eight and Fourteenth Amendments to the United States Constitution.

133. By reason of the foregoing, Bartlett, in her capacity as mother and natural guardian of I.S.I. demands judgment against defendants, Mahany, Sears and Skinkle for violating Donald's rights guaranteed to him by the Eight and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, as a direct and proximate result of the aforesaid acts of the defendants, plaintiff decedent, DONALD S. IVY, JR., plaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., individually, pray for relief against defendants as follows:

A. Plaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., claims damages for violation of civil rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1981 and 1983;

B. Plaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., claims damages on behalf of DONALD S. IVY, JR., for severe conscious pain and suffering and wrongful death;

C.\tPlaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., claims damages on behalf of DONALD S. IVY, JR., for loss of life and loss of enjoyment of life;

D.\tPlaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., claims damages for wrongful death, conscious pain and suffering pecuniary damages, loss of services, and loss of parental guidance;

E.\tPlaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., claims damages for assault and battery, negligence, negligent hiring, training and retention;

F.\tPlaintiff, SUSAN BARTLETT, as Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., claims damages for attorney's fees, costs, disbursements and expert fees under 42 U.S.C. §1983;

G.\tDamages are claimed on behalf each plaintiff in an amount which a jury shall determine to be fair and equitable;

H.\tAll plaintiffs claim damages for punitive damages against the individual defendants, in an amount which a jury shall determine is appropriate to deter future similar conduct and such other and further relief as to this Court may seem just, equitable and proper.

Dated: New York, New York
\tJune 20, 2017

\t\t\t\t\t\tRespectfully submitted,

\t\t\t\t\t\t*/s/ Steven Harfenist*
\t\t\t\t\t\tSteven J. Harfenist
\t\t\t\t\t\t*Liaison Counsel for Plaintiffs*
\t\t\t\t\t\tHarfenist Kraut & Perlstein, LLP
\t\t\t\t\t\t3000 Marcus Avenue, 2nd Floor East
\t\t\t\t\t\tLake Success, New York 11042
\t\t\t\t\t\t516.355.9600

>Michael A. Rose
>*Counsel for Plaintiffs*
>Hach & Rose, LLP
>185 Madison Avenue, 14th Floor
>New York, New York 10016
>212.779.0057