**EXHIBIT B**

## RELEASE AND CONFIDENTIALITY AGREEMENT

*TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT*

**SUSAN BARTLETT, As Administratrix of the Estate of DONALD S. IVY, JR., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY,**

as RELEASOR,

in consideration of cash and future periodic payments having the total present value sum of Six Hundred and Twenty-Five Thousand, and 00/100 Dollars ($625,000.00) received from

**THE CITY OF ALBANY,**

as RELEASEE,

receipt whereof is hereby acknowledged, RELEASE and discharge

**THE CITY OF ALBANY, OFFICER MICHAEL MAHANY, OFFICER JOSHUA SEARS, OFFICER CHARLES SKINKLE, in their individual and official capacities,** the RELEASEE, RELEASEE'S heirs, executors, administrators, servants and employees, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, more specifically relating to an action brought on behalf of the Estate of DONALD IVY for an incident or occurrence which occurred on or about April 2, 2015 in the City of Albany, New York, involving the officers identified above, members of the Albany Police Department, and Donald Ivy, and more particularly described in the Summons and Complaint filed with the United States District Court for the Northern District of New York with Civil Action No.: 1:15-cv-1073 (TJM/DJS), including all claims for costs, disbursements and attorney's fees.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

The words "RELEASOR" and "RELEASEE" include all RELEASORS and all RELEASEES under this RELEASE.

In consideration of the release set forth above, the RELEASEE agrees to pay the sums outlined below:

    UPFRONT CASH:

    Within _____ days after the signing of this Settlement Agreement and Release, the RELEASOR and his attorneys will be paid by the RELEASEE $525,000.00 cash.

SUMMARY FOR FUTURE PERIODIC PAYMENTS:

Periodic Payments to Isaiah Ivy ("Payee"):

$948.14 payable monthly, guaranteed for 10 year(s), beginning on 01/01/2019, with the last guaranteed payment on 12/01/2028.

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended.

RELEASOR acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the RELEASOR or any Payee; nor shall the RELEASOR or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

Any payments to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by said Payee to the RELEASEE or the RELEASEE's Assignee. If no such person or entity is so designated by Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the Estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the RELEASEE or the RELEASEE's Assignee. The designation must be in a form acceptable to the RELEASEE or the RELEASEE's Assignee before such payments are made.

RELEASOR acknowledges and agrees that the RELEASEE may make a qualified assignment, within the meaning of §130(c) of the Internal Revenue code of 1986, as amended, of the RELEASEE'S liability to make the Periodic Payments set forth above to Pacific Life & Annuity Services, Inc. (the "Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the RELEASEE (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

Any such assignment, if made, shall be accepted by the RELEASOR without right of rejection and shall completely release and discharge the RELEASEE from the Periodic Payments obligation assigned to the Assignee. The RELEASOR recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all the other releases with respect to the Periodic Payments obligation that pertain to the liability of the RELEASEE shall thereupon become final, irrevocable and absolute.

The RELEASEE, itself or through its Assignee, reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Pacific Life & Annuity Company (the "Annuity Issuer"). The RELEASEE or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The RELEASEE or the Assignee may have the Annuity Issuer mail such periodic payments directly to the Payee, who shall be responsible for maintaining a current mailing address with the Annuity Issuer.

The discharge of the obligation of the Assignee to make each Periodic Payment described herein, if by check, shall occur upon the mailing of a valid check, on or before the due date, in the amount due to the Payee's address as shown in the Assignee's records, or, if by Electronic Funds Transfer (EFT), upon the electronic transferring of such payment, on or before the due date, to the Payee's bank account as shown in the Assignee's records. In the event the check is not received, upon proper notification, annuity issuer will initiate stop payment procedures. Upon confirmation that the check was not cashed and stop payment effected, annuity issuer will reissue a replacement check.

Further, in consideration of the above payment, the undersigned also expressly declares and agrees to the following:

1. This RELEASE may not be changed orally.

2. That all claims, past, present or future, are disputed and this full and final settlement thereof shall never be treated as evidence of liability, nor as an admission of liability or responsibility at any time or in any manner whatsoever.

3. That this RELEASE covers and includes all claims several or otherwise, past, present or future, which can or may ever be asserted by any person or persons, as heirs, or otherwise, as the result of injuries or death and/or damages as aforesaid or the effects or consequences thereof;

4. That this full and final RELEASE shall cover and include all and any future injuries, and/or damages not now known to any of the parties hereto, but which may later develop or be discovered, including the effects or consequences thereof and including all causes of action therefor;

5. That RELEASORS will assume any and all personal tax liability associated with the settlement of this claim. The parties agree that this settlement is paid for the purposes of compensating the Plaintiff for damages allegedly sustained as a result of the allegations in their lawsuit, for which the Plaintiff can substantiate through documentation.

6. That the RELEASORS will indemnify and hold harmless the RELEASEE against loss, including counsel fees, from any and every claim or demand of every kind and character, including claims for contribution, which may be asserted by the RELEASORS by reason of said occurrence and/or damages or the effects or consequences thereof;

7. That the RELEASORS, **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY**, agree and covenant that they are responsible for the payment of any outstanding bills, medical or otherwise, arising out of the above-referenced incident and lawsuit, and that should any claim or lien be asserted against the RELEASEE, the RELEASORS will indemnify and hold harmless the RELEASEE. Further, the RELEASORS hereby specifically agree to pay attorney's fees and costs of the RELEASEE for the defense of any action whatsoever against the RELEASEE by any

3

medical provider or other person or entity concerning any outstanding bills, medical or otherwise, arising from the above-referenced incidents and/or lawsuit.

8. To the extent there are any outstanding liens applicable to this action, including, but not limited to, an unemployment benefits lien, a CMS Medicare lien, etc., the RELEASORS, **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** agree to satisfy those liens and any other liens known or unknown and shall hold the RELEASEE harmless from any liability attaching thereto. The RELEASORS, **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** hereby represent that they have never been enrolled in the Medicare program.

9. In reaching this agreement, the parties acknowledge RELEASORS' entitlement to Social Security Disability and Medicare benefits, pursuant to 42 U.S.C. §423 and 42 U.S.C. §1395y, respectfully, as well as the Center for Medicare and Medicaid Services' ("CMS") right to subrogate and intervene pursuant to 42 U.S.C. §1395y(b)(2) to recover any conditional payments which it has made on behalf of the RELEASORS relating to their alleged injuries and/or damages. The parties to this RELEASE agree and state that it is not their intent to shift to CMS the responsibility for payment of medical expenses for the treatment of injury related conditions. The RELEASORS, **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** hereby represent that they have never been enrolled in the Medicare program.

10. **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** acknowledge that any decision regarding the amount which CMS may demand in satisfaction of its formal conditional payment demand is exclusively within the jurisdiction of the Social Security Administration and/or office of CMS. The RELEASORS, **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** hereby represent that they never been enrolled in the Medicare program.

11. S **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** and their attorney(s) further acknowledge and agree that if Medicare has paid for any of the RELEASORS' medical costs, expenses or fees, and Medicare has a conditional payment claim as a result of same, that the RELEASORS are solely responsible for the payment of same from the proceeds of this settlement. **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** further agree to immediately contact CMS informing them of this settlement and the terms thereto, and to request a formal conditional payment demand. Upon receipt of CMS's formal conditional payment demand, the RELEASOR'S and/or RELEASORS' attorney will timely satisfy such demand as required by the Medicare Secondary Payer Statute.

12. **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY** and their attorney(s) warrant and acknowledge that all payments deemed due and owing to

4

Medicare are and will be their sole and exclusive responsibility and further agree that they will indemnify and hold harmless all RELEASEES for any and all amounts paid and/or sought by Medicare/CMS from the RELEASEE for same. Upon evidence being provided to the RELEASEE that the RELEASOR'S or RELEASORS'S attorney has received notification of Medicare's formal conditional payment demand, the RELEASEE will fully satisfy and forward to RELEASORS' attorney the settlement proceeds. Such proceeds will be held in trust by RELEASORS' attorney until which time Medicare's formal conditional payment demand has been satisfied. The RELEASORS, **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY**, hereby represent that they have never been enrolled in the Medicare program.

13. RELEASORS further waive any claims for any damages, including a private cause of action provided in the Medicare Secondary Payer Act, 42 U.S.C. §1395y(b)(3)(A), should Medicare deny coverage to the injuries described hereinabove for any reason.

14. The Releasors have been advised that the City of Albany may bond this settlement. If so, Releasors understand that payment of this settlement will be conditioned upon approval of the settlement and bonding resolution by the City of Albany Common Council and will require approval by the City of Albany Board of Estimate and Apportionment.

15. The Releasors, in consideration of the promises and representations made herein, agree to file a Stipulation Discontinuing Action, with prejudice, in favor of all the parties named in the above-referenced Summons and Complaint bearing Civil Action No.: 1:15-cv-1073 (TJM/DJS)

## CONFIDENTIALITY AGREEMENT

16. RELEASORS agree to comply with all terms of the following confidentiality agreement and acknowledge that RELEASORS' agreement to do so was a necessary condition precedent to the decision on the part of the RELEASEE to enter into this settlement agreement. RELEASORS agree that any information regarding the resolution of this claim must remain confidential and out of the public domain. To this end, RELEASORS agree:

    (a) That no information regarding the resolution of RELEASORS' claims, the fact of settlement, the amount paid in settlement, or any details of discussions by and between the parties or their agents, including settlement discussions, will be disclosed in the future by the RELEASORS, RELEASORS' counsel, or any other person acting on behalf of RELEASORS to any other person, firm, organization, corporation, or other entity, including, but not limited to, newspapers, legal publications, the Internet, electronic or print media, television, radio or any other publication.

    (b) RELEASORS' counsel agrees to be bound by this agreement to the same extent as the RELEASORS and RELEASORS specifically directs counsel to fully comply with the terms of this confidentiality agreement.

5

(c) RELEASORS agree to have authorized their counsel to consent to on their behalf that the terms of the settlement are not to be disclosed as of the date that the settlement was reached.

(d) RELEASORS' counsel or other persons acting on their behalf, agrees to guard against disclosure of any information regarding the resolution of this dispute after the date of settlement. This agreement shall not require any person to refuse to comply with a lawful subpoena, however, RELEASORS' counsel, or other persons acting on their behalf, agrees to immediately notify RELEASEE or counsel of any effort to obtain or inspect, by subpoena or otherwise, any materials regarding this dispute and further agree to fully cooperate in good faith with Defendant and RELEASEE in opposing the disclosure, by subpoena or otherwise, of any materials regarding this dispute.

(e) RELEASORS and RELEASORS' attorney further agree that if any person or entity, including a member, representative or employee of any news media, inquire about the claims made in this matter, or the status of the claim or settlement, the responses that, "The claim has been concluded," or "no comment" will not cause a breach of this agreement, as long as one of the quoted phrases are the sole disclosure.

17. That those parties who are hereby released are not estopped or otherwise barred from asserting and expressly reserve the right to assert, any claim or cause of action they may have against the RELEASORS or any others.

18. Upon execution of this Agreement, the RELEASORS authorize their attorney to sign and file with the Court a stipulation of discontinuance of the above-described litigation with prejudice. The RELEASORS acknowledge and agree that they are responsible for all Court costs and that each party is responsible for their own attorney's fees.

19. In consideration of such RELEASE, the City of Albany shall, subject to the approval of the City of Albany Board of Estimate and Apportionment, pay to Plaintiff SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY the sum of Six Hundred and Twenty-Five Thousand, and 00/100 Dollars ($625,000.00) as full and final settlement of this matter. This sum includes attorney's fees, costs and disbursements.

**AGREED AS TO THE TERMS AND CONDITIONS ABOVE:**

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals on the 11th day of DEC., 2018.

By: _____
SUSAN BARTLETT, As Administratix of
the Estate of Donald S. Ivy, Jr., and SUSAN
BARTLETT as m/n/g of I.S.I.,
individually,

6

_____
ISAIAH IVY

STATE OF ~~NEW YORK~~ NORTH CAROLINA )
               WAKE ) ss.:
COUNTY OF ~~ALBANY~~ )

On this 11th day of DECEMBER, 2018, before me, the subscriber, personally appeared **SUSAN BARTLETT, As Administratix of the Estate of Donald S. Ivy, Jr., and SUSAN BARTLETT as m/n/g of I.S.I., individually, and ISAIAH IVY,** personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same, and that by their signature on the instrument, the individuals, or the persons upon behalf of which the individuals acted, executed the same.

_____
NOTARY PUBLIC
My Commission Expires 7-26-2022

Z:\Data from Laurie\ALBANY\30275.176\Release & Confidentiality Agreement 0420918.docx

7